IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
_____

DEMARQUEIS WAYNE JOHNSON          *
#178 713
          Plaintiff,                               *

          v.                                       *        2:09-CV-1117-ID
                                                            (WO)
LOUIS BOYD, *et al.*,                     *

          Defendants.                         *
_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate,  challenges the actions of

prison officials with respect to his designation as a restricted offender which he complains

prohibits his classification to minimum custody status.  Plaintiff names as the defendant

Warden Louis Boyd, Deputy Warden Carter Davenport, Classification Officer Jameka

Caffie, and Classification Supervisor Shirley Seals. Plaintiff seeks a transfer to another

prison and the ability to go to any Level I or II institution similar to other inmates with first

degree assault convictions.  (*Doc. No. 1*.)

In accordance with the  orders of the court, Defendants filed an answer,  special

report, and supporting evidentiary material in response to the allegations contained in the

complaint. The court then informed Plaintiff that Defendants' special report  may, at any

time, be treated as a motion for summary judgment, and the court explained to Plaintiff the

proper manner in which to respond to a motion for summary judgment.  Plaintiff  filed a

response to the  special report filed by Defendants.  This case is now pending on Defendants'

motion for summary judgment.  Upon consideration of the motion, Plaintiff's opposition to

the motion, and the supporting and opposing evidentiary materials,  the court concludes that

Defendants' motion for summary judgment  is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show there is no

genuine [dispute] as to any material fact and that the moving party is entitled to judgment as

a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.

2007) (*per curiam*) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court

shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving

for summary judgment "always bears the initial responsibility of informing the district court

of the basis for its motion, and identifying those portions of the [record, including pleadings,

discovery materials and affidavits], which it believes demonstrate the absence of a genuine

issue [- now dispute -] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The movant may meet this burden by presenting evidence indicating there is no dispute of

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id*.  "'Shall' is also restored to express the direction to grant summary judgment."  *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

material fact or by showing that the nonmoving party has failed to present evidence in

support of some element of its case on which it bears the ultimate burden of proof. *Id.* at

322-324.

Defendants have met their evidentiary burden and demonstrated the absence of any

genuine dispute of material fact.  Thus, the burden shifts to Plaintiff to establish, with

appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.

*Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324;

Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to

properly address another party's assertion of fact by [citing to materials in the record

including affidavits, relevant documents or other materials] the court may ... grant summary

judgment if the motion and supporting materials -- including the facts considered undisputed

-- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the

nonmoving party produces evidence that would allow a reasonable fact-finder to return a

verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts

> must distinguish between evidence of disputed facts and disputed matters of
> professional judgment.  In respect to the latter, our inferences must accord
> deference to the views of prison authorities.  Unless a prisoner can point to
> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal

citation omitted).  Consequently, to survive Defendants' properly supported motion for

summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which

would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an

essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is

proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## I. DISCUSSION

According to the complaint, Defendant Caffie assigned Plaintiff an "R" classification status on October 19, 2009 which designated him as a restricted offender. Plaintiff states the received this classification despite maintaining a clear record for citation violations for six-months and a clear record for disciplinary violations for over a year. Plaintiff contends that no basis exists for his designation as a restricted offender  and that pursuant to the Classification Manual, he is eligible for a transfer. (*Doc. No. 1*.)

Defendants deny violating Plaintiff's constitutional rights. Defendants Seals and

Caffie, as classification officials at Easterling, state they have no authority to place an "R" suffix on inmates, but rather, they may only recommend an inmate be reviewed for possible placement of an "R" suffix based on the nature and details of the inmate's offense. On April 29, 2011 Defendant Caffie conducted an annual review of Plaintiff and recommended him for placement on restricted offender status based on her evaluation of the details of his conviction as contained in his pre-sentence report.   That report reflects that Plaintiff had been charged with attempted murder for attempting to kill his victim by hitting him multiple time in the head and chest with an ax. The report further reflects that Plaintiff entered a guilty plea to first degree assault. (*Doc. No. 10, Exhs. 1-D2.*)

Plaintiff contends that Defendant Caffie's communication to assistant classification director Stephanie Atchison indicating that Plaintiff entered a plea to first degree assault is false because he went to trial and a jury convicted him of the lesser offense. (*See Doc. No. 10, Exh. D-1.*) He maintains that Defendant Caffie  misrepresented the method by which he was convicted of first degree assault in order  to justify her recommendation that he be placed on restricted offender status.  Plaintiff further contends that first degree assault is not a crime for which the "R" suffix is applicable. (*Doc. No. 20*.)

*A. The Custody Classification Claim*

Plaintiff complains that Defendant Caffie improperly denied him  minimum custody status and/or improperly recommended him for restricted offender status based on false information in his pre-sentence investigation ["PSI"] report which has resulted in an improper characterization of him as a restricted offender.  Plaintiff  contends that he did not

enter a plea to first degree assault. Rather, he contends a jury convicted him of this lesser crime, and Defendant's reliance on information in the PSI that he entered a plea to the crime to deny him a lower classification and/or security level is unconstitutional. The court need not decide whether Plaintiff has been classified improperly because, even if his classification is incorrect, his constitutional rights have not been violated.

An inmate in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Moreover, a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Hewitt v. Helms*, 459 U.S. 460 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Because Plaintiff has no constitutional right to a specific classification and/or security status, correctional officials may change his classification for a good reason, a bad reason, or no reason at all. Thus, the decision to deny Plaintiff minimum classification status and to classify and/or recommend he be classified as a restricted offender does not violate his constitutional rights. Consequently, the motion for summary judgment with respect to this claim is due to be granted in favor of Defendants.

*B. The False Information Claim.*

As noted, Plaintiff argues that Defendant Caffie's reliance on information contained in his PSI report which indicates that he entered a plea to first degree assault violates his

constitutional rights because it was jury that convicted him of this offense.  In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the court considered a *pro se* inmate's complaint in which the inmate argued a deprivation of due process as a result of erroneous information in his prison file which the inmate alleged was used to deny him fair consideration for parole and minimum custody status.  Monroe alleged that presentence report information indicating he had raped the victim of his crime was false.  The defendants admitted the presentence information was false.  Acknowledging that he had no liberty interest in parole, Monroe claimed a due process right to be fairly considered for parole.  He contended that the defendants' reliance on admittedly false information in order to deny him parole or minimum security classification violated due process.

The *Monroe* court held that the defendants' reliance on admittedly false information to deny Monroe consideration for parole was arbitrary and capricious treatment violative of the constitution. In *Monroe*, however, the court was careful to distinguish its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir. 1982).

> Our holding today does not conflict with our earlier holding in *Slocum, supra*. In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole.  *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors.  Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a

general fishing expedition in search of false information that could possibly exist in their files. *Id.* In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Slocum* controls the disposition of the instant case.  Defendants do not admit that the report describing the details of Plaintiff's offense for first degree assault is false.  The report not only reflects that Plaintiff entered a plea to this offense but shows that he attempted to kill the victim by hitting him with an ax three time on the head and twice in the chest.  (*Doc. No. 10, Exh. D-2.*)  Plaintiff does not dispute the details of his crime or the offense for which he was convicted  and his mere contention that false  information is contained in the report with regard to the manner by which his conviction was obtained, without evidence of its falsity, is insufficient.[2]  His assertion of erroneous information does nothing more than raise the possibility that information in his records may be false and this mere possibility fails to provide a basis for relief.  *Monroe*, 932 F.2d at 1142.

The record in this case establishes that no admittedly false information appears in Plaintiff's PSI report and likewise demonstrates that the Defendants did not rely on admittedly false information to determine Plaintiff's custody and security classifications.

_____

[2]Summary judgment is not precluded merely because the inmate disputes the validity of the information.  In *Hewitt v. Helms*, 459 U.S. 460 (1983), the Court stated that "prison officials have broad administrative and discretionary authority over the institutions they manage and . . . lawfully incarcerated persons retain only a narrow range of protected liberty interest . . . broad discretionary authority is necessary because the administration of a prison is "at best an extraordinarily difficult undertaking," . . . and . . . to hold . . . that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts."  *Id*. at 467.

Further, the evidence before the court reflects that Defendant Caffie relied on the details of Plaintiff's first degree assault conviction when she recommended that he be reviewed for placement on "R" status, and, as noted, Plaintiff does not dispute the details surrounding his conviction.

Requiring a trial or hearing every time a prisoner asserted that false information was the basis of prison official's decisions would involve the court in review of a multitude of decisions which traditionally are within the province of prison authorities. *See Jones v. Ray*, 279 F.3d 944 (11ᵗʰ Cir. 2001) (while use of false information in a parole file can be a due process violation, prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim). Here, it is undisputed that Defendants did not rely on admittedly false information with regard to Plaintiff's security and custody classification. Consequently, Plaintiff is not entitled to relief as a matter of law and summary judgment is due to be granted in favor of Defendants.

*C. Equal Protection*

To the extent Plaintiff complains that Defendants are violating his equal protection rights because they have recommended other inmates with similar and/or worse convictions and prison records for minimum custody status and/or not recommended them for restricted offender status while his requests for such treatment have been denied, he is entitled to no relief. In order to establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination

against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where Plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988).  Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff utterly and completely fails to meet his pleading burden as he does not allege

that correctional officials subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation.  To the extent Plaintiff relies on the fact that some inmates other than himself have not been placed on restricted offender status and/or placed in minimum custody status as the basis for this claim, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause.  *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Plaintiff's claim of discrimination does not rise to the level of an equal protection violation and, therefore, provides no basis for relief in this 42 U.S.C. § 1983 action.  Consequently, Defendants are entitled to summary judgment on this claim.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The motion for summary judgment filed by Defendants (*Doc. No. 10*) be GRANTED;

2.  Judgment be GRANTED in favor of Defendants and against Plaintiff;

3.  This case be DISMISSED with prejudice; and

4.  The costs of this proceeding be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **June 9**, **2011** the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of May, 2011.


              /s/Charles S. Coody
            CHARLES S. COODY
            UNITED STATES MAGISTRATE JUDGE